UNITED STATES DISTRICT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAN TATE,                          )
                                   )
              Plaintiff,           )
                                   )
         v.                        )        No. 4:05-CV-2402-AGF
                                   )
ST. LOUIS CITY JUSTICE CENTER,     )
et al.,                            )
                                   )
              Defendants.          )

## ORDER AND MEMORANDUM

This matter is before the Court for review of plaintiff's amended complaint [Doc. #6] under 28 U.S.C. § 1915(e)(2)(B).[1]

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

_____

[1]On February 24, 2006, this Court granted plaintiff thirty days to file an amended complaint and to set forth as to each named defendant the specific factual allegations supporting his claim [Doc. #5]. Plaintiff filed his amended complaint on March 29, 2006.

claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

### The amended complaint

Plaintiff, a pre-trial detainee at the St. Louis City Justice Center ("SLCJC"), seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. The named defendants are Gene Stubblefield (superintendent), St. Louis Justice Center Staff, Charles Boone ("medical adm."), and "Medical Staff St. Louis Justice Center."

### Discussion

The Court will liberally construe the amended complaint as asserting claims under 42 U.S.C. § 1983, Title II of the American's with Disabilities Act, and § 504 of the Rehabilitation Act. As to defendants Gene Stubblefield and Charles Boone, the amended complaint survives review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. <u>See</u> 28 U.S.C. § 1915A;

42 U.S.C. § 1997e(g)(2); <u>Maine v. Thiboutot</u>, 448 U.S. 1 (1980)(§ 1983 provides relief for violations of federal statutory law as well as constitutional rights). Therefore, the Court will order that defendants Gene Stubblefield and Charles Boone reply to the amended complaint.

In general, fictitious parties may not be named as defendants in a civil action. <u>Phelps v. United States</u>, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes allegations sufficiently specific to permit the identity of the party to be ascertained after reasonable discovery. <u>Munz v. Parr</u>, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain sufficiently specific allegations to permit the identity of St. Louis Justice Center Staff and Medical Staff St. Louis Justice Center to be ascertained after reasonable discovery. These particular "John Doe" defendants are both unidentified and indeterminate in number. This is not permissible. <u>See</u> <u>Estate of Rosenberg v. Crandell</u>, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). As such, the amended complaint is legally frivolous as to defendants St. Louis Justice Center Staff and Medical Staff St. Louis Justice Center.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk of Court shall docket

3

this case as <u>Dan Tate v. Gene Stubblefield, St. Louis Justice Center Staff, Charles Boone, and Medical Staff St. Louis Justice Center</u>.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint as to defendants St. Louis Justice Center Staff and Medical Staff St. Louis Justice Center, because the claims against them are legally frivolous and/or fail to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendants Gene Stubblefield and Charles Boone, the Clerk shall issue process or cause process to issue upon the amended complaint.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Gene Stubblefield and Charles Boone shall reply to the amended complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order of partial dismissal shall accompany this order and memorandum.

Dated this 31st day of March, 2006

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**