**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DAN TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05cv2402 SNL |
| | ) | |
| GENE STUBBLEFIELD and CHARLES BOONE | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Dan Tate, an inmate at the St. Louis City Justice Center, filed suit against Gene Stubblefield, the superintendent of the Justice Center, and Charles Boone, the Medical Administrator of the Justice Center, under 42 U.S.C. § 1983.[1] In his Complaint, Plaintiff alleges that he is confined to a wheelchair, and has not been properly accommodated by the prison. Plaintiff makes three specific complaints: he was severely injured by a faulty wheelchair provided by the Justice Center; the staff refused to aid him in relieving his bowels and instructed another inmate to help Plaintiff clean himself afterwards, causing Plaintiff to feel sexually assaulted; and the medical department's cells and handicapped showers are not properly working and/or equipped. On June 19, 2006, Defendants filed a Motion to Dismiss. Plaintiff sent a letter to the Court requesting legal advice and additional time to respond to Defendants' motion. The Court notified Plaintiff that it could not provide legal advice,

---

[1] Plaintiff also filed suit against the St. Louis City Justice Center Staff and the Medical Staff of the Justice Center. Those defendants were dismissed from the action because their identity could not be ascertained by the Court.

1

but granted him an extension of time. Plaintiff was to respond on or before July 21, 2006. As of today's date, responsive pleadings have not been filed.

In their Motion to Dismiss, Defendants argue that Plaintiff makes repeated allegations against staff members supervised by Defendants Stubblefield and Boone, but never alleges that the Defendants were directly responsible for any of Plaintiff's claimed deprivations. "It is well settled that respondeat superior is not a basis for liability under 42 U.S.C. § 1983." *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (internal quotations omitted). Therefore, Defendants argue that Plaintiff's Complaint must be dismissed.

In Count I of Plaintiff's Complaint, he states that the wheelchair incident "was videotape [sic] by Staff Supervised by Gene Stubblfield [sic]." In Count II, he states that "the Staff which is supervised by Charles Boone did not" help Plaintiff relieve himself. Because these two Counts are seeking to hold Defendants responsible under the doctrine of respondeat superior, they must be dismissed. However, Count III states that "Charles Boone and the medical staff along with Gene Stubblefield treats plaintiff with abuse (Note)(Staff of Gene Stubblefield)." As this makes a direct claim against the Defendants, this Count remains viable.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#20) be **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Counts I and II of Plaintiff's Complaint be **DISMISSED**.

Dated this 1st day of August, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE